IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **PATRICK HENRY JOFFRION, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| v. | ) | CIVIL ACTION 12-0434-WS-M |
| | ) | |
| **ALLSTATE INSURANCE CO.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

The defendant has filed a motion to bifurcate and motion to stay discovery. (Doc. 30). The plaintiffs have responded that they have no objection. (Doc. 33).

"For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues [or] claims …." Fed. R. Civ. P. 42(b). The rule invests the trial court with "broad discretion" whether to order bifurcation. *Harrington v. Cleburne County Board of Education*, 251 F.3d 935, 938 (11th Cir. 2001).

The complaint alleges that the defendant has failed to provide uninsured and/or underinsured motorist benefits under its policies with the plaintiffs, and it asserts claims for breach of contract and bad faith arising from this conduct. The defendant seeks to bifurcate the plaintiffs' breach-of-contract claim from their bad-faith claim and to stay all discovery on the latter claim until and unless the plaintiffs receive a judgment in their favor on the former claim.

The Court sees nothing particularly convenient, expeditious or economical about effectively dividing one simple, compact lawsuit – for discovery purposes as well as for trial – into two lawsuits. The defendant says its defense of the contract claim will be "crippled" by "severe" and "irreparable" prejudice if the plaintiffs are allowed to obtain discovery of its claims file before the contract claim is resolved, but the Court is

skeptical.  The defendant indicates it would be prejudicial to surrender privileged documents (if any there actually be) in the claims file, but it has not explained why any applicable privilege against production would be destroyed by the mere fact of allowing discovery to proceed.  The defendant indicates it could be awkward to produce non-privileged internal documents that discuss the value of the plaintiffs' claim, and perhaps it would, but embarrassment is not prejudice.

The defendant also argues it would be prejudiced by a joint trial of the contract and tort claims because certain evidence – including policy limits, settlement negotiations (if any) and attorney-client communications (if any) would not be admissible with respect to the contract claim but would or could be admissible with respect to the tort claim.  The Court concludes that it would be premature to bifurcate trial based on these considerations, most of which are at present merely hypothetical.

The defendant cites a number of cases from other states that have developed procedures applicable to bad-faith cases that are more or less supportive of its position herein.  The Court notes that some of these decisions are based on rules specific to those jurisdictions and that none of them has been approved, or even cited, by any published state or federal court in Alabama.  Nor do they alter the Court's assessment of the defendant's arguments.

The defendant appends to its motion a number of unpublished orders from state (and a few federal) trial court cases in Alabama imposing bifurcation and/or a stay of discovery in suits involving uninsured and/or underinsured motorist benefits.[1]  These brief orders are unaccompanied by any opinion explaining and supporting the reasoning underlying the orders and so are of limited persuasive value.

Finally, the defendant points to Alabama authority that a bad-faith claim for uninsured and/or underinsured motorist benefits "was due to be dismissed as premature until a judgment was rendered against the tortfeasor in excess of the UIM benefits." (Doc. 30 at 3-4 (citing *Ex parte Safeway Insurance Co.*, 990 So. 2d 344 (Ala. 2008))).

---

[1] The defendant discusses another such order in its brief but fails to submit a copy, leaving the Court unable to evaluate it.  (Doc. 30 at 15).

The applicability of *Safeway*, however, depends on the existence of certain circumstances, which the defendant does not attempt to demonstrate are present here. Indeed, the defendant has not attempted to show that the policies on which the plaintiffs sue are governed by Alabama law.[2]

The Court is thus confronted by a motion to bifurcate trial and to stay discovery that is less than persuasive yet is expressly unopposed by the plaintiffs. The Court's skepticism notwithstanding, in view of the plaintiff's acquiescence the motion is **granted**. Trial of the bad-faith claim is bifurcated from that of the contract claim. All extra-contractual discovery is stayed pending resolution, by trial, dispositive motion or otherwise, of the contract claim.[3]

"Given the caseload of most district courts and the fact that cases can sometimes stretch out over years, district courts must have discretion and authority to ensure that their cases move to a reasonably timely and orderly conclusion." *Chrysler International Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002). In light of the single, narrow claim for breach of contract that must now be brought to conclusion before prosecution and defense of the bad faith claim can begin, the Court anticipates that an abbreviated discovery schedule and prompt trial date for the contract claim will be appropriate.

DONE and ORDERED this 29th day of August, 2012.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] The complaint alleges that the policies were issued in Louisiana. (Doc. 1 at 3).

[3] To the uncertain extent the defendant seeks a stay that extends until the final resolution of the contract claim by appeal and any post-appeal proceedings, the motion is **denied**.

[3]